UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JONATHAN SANTIAGO,<br>    Plaintiff<br><br>V.<br><br>THOMAS LAFFERTY, in his individual<br>capacity and the CITY OF LOWELL,<br>    Defendants | )<br>)<br>)<br>)<br>)    C.A. 13-12172-DPW<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT CITY OF LOWELL'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, City of Lowell ("City"), by and through its undersigned counsel, hereby files its Answer, Jury Demand, and Affirmative Defenses to Plaintiff's Complaint ("Complaint") and states as follows:

**INTRODUCTION**

1. This introductory Paragraph purports to characterize the nature of the Plaintiff's suit and, therefore, no responsive pleading by the City is required. Notwithstanding, to the extent, if at all, that the City is required to respond to the introductory Paragraph, and to the extent, if at all, that the introductory Paragraph alleges facts against the City, the City denies the allegations, if any, contained in this Paragraph of the Plaintiff's Complaint.

2. This introductory Paragraph purports to characterize the nature of the Plaintiff's suit and, therefore, no responsive pleading by the City is required. Notwithstanding, to the extent, if at all, that the City is required to respond to the introductory Paragraph, and to the extent, if at all, that the introductory Paragraph alleges facts against the City, the City denies the allegations, if any, contained in this Paragraph of the Plaintiff's Complaint.

**JURISDICTION**

3.     This Paragraph contains legal conclusions and/or Plaintiff's characterization of this lawsuit, not allegations of fact, and thus no response by the City is required.

**PARTIES**

4.     The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies these allegations.

5.     Admitted only that Defendant Lafferty was employed as a detective in the LPD's Special Investigations Section ("SIS") on February 21, 2012, and that Plaintiff's Complaint purports to name Detective Lafferty as a defendant "in his individual capacity." Further answering, the City states that the remaining allegations in this Paragraph contain a legal conclusion, and thus no response by the City is required.

6.     Admitted.

**FACTS**

7.     The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies these allegations.

8.     The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies these allegations.

9.     The City states that as this Paragraph is drafted, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies these allegations.

10.    The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies these allegations.

...

11.     The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies these allegations.

12.     The City states that as this Paragraph is drafted, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies these allegations.

13.     The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this Paragraph and on that basis denies said allegations. The City denies the remaining allegations in this Paragraph.

14.     Denied.

15.     Admitted.

16.     Denied.

17.     Admitted only that a police dog was called in to search Plaintiff's car, that said police dog alerted at the gas cap on Plaintiff's car, and that an SIS officer removed from said gas cap a white rock like substance that appeared to be cocaine. Further answering, the City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations that "FA or FB had hidden" said substance in Plaintiff's vehicle and on that basis denies said allegations. The City denies the remaining allegations in this Paragraph.

18.     Admitted that Plaintiff was arrested and initially charged with trafficking in cocaine over 28 grams, which trafficking charge was later reduced. Further admitted that Plaintiff was charged with trafficking in a school zone. Further answering, the City states that the final sentence of this Paragraph contains legal conclusions, not allegations of fact, and thus no response is required. The City denies the remaining allegations in this Paragraph.

19. The City admits that the Plaintiff was handcuffed, transported to the City's police station, held, and later released on bail. Further answering, the City states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies said remaining allegations.

20. The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies these allegations.

21. The City states that this Paragraph contains legal conclusions, and thus no response by the City is required. To the extent, if at all, that the City is required to respond to this Paragraph, and to the extent, if at all, that this Paragraph alleges facts against the City, the City denies same.

22. The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies these allegations.

23. The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies these allegations.

24. The City states that the first sentence of this Paragraph purports to refer to a writing, which speaks for itself, and therefore no response is required. The City denies the remaining allegations in this Paragraph.

25. The City states that this Paragraph purports to refer to a writing, which speaks for itself, and therefore no response is required.

26. Denied as to the first, second, third, fourth and fifth sentences of this Paragraph. Further answering, the City states that the sixth and seventh sentences of this Paragraph purport to refer to a writing, which speaks for itself, and therefore no response is required.

27. Denied.

28. Admitted that FA had previously worked as a confidential informant for the Lowell Police Department, for whom Detective Lafferty works. Further answering, the City states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph of the Plaintiff's Complaint and on that basis denies said remaining allegations.

29. The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as the Paragraph is drafted, and on that basis denies these allegations.

30. Admitted.

31. Admitted.

32. The City denies the first sentence of this Paragraph as drafted. Further answering, the City states that the second sentence of this Paragraph purports to refer to a writing, which speaks for itself, and therefore no response by the City is required.

33. Admitted only that FA was compensated for his work as an informant for the Lowell Police Department, for whom Detective Lafferty works. Further answering, the City is without knowledge or information sufficient to form a belief as to whether FA received "substantial rewards." Further answering, denied as to the remaining allegations of this Paragraph of the Plaintiff's Complaint.

34. With respect to the first sentence of this Paragraph of the Plaintiff's Complaint, the City states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence of this Paragraph and on that basis denies said allegations. Further answering, denied as to the second sentence of this Paragraph.

35. The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies these allegations.

36. The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies these allegations.

37. Admitted only that the State Police made a report to the Middlesex District Attorney's Office. Denied as to the second sentence of this Paragraph. Further answering, the City states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies said remaining allegations.

38. Admitted only that the criminal charges against Plaintiff were nolle prossed.

39. The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies these allegations.

40. Denied.

41. Denied.

42. Denied.

43. This Paragraph contains legal conclusions, not allegations of fact, and thus no response is required.

44. Denied.

45. The City denies this Paragraph as drafted.

46. Admitted only as to the second sentence of this Paragraph. Further answering, the City states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies said allegations.

**CLAIMS**

**COUNT I** <u>**42 U.S.C. § 1983 Claim Against Defendant Lafferty**</u>

47. The City, answering this Paragraph of Plaintiff's Complaint, repeats and re-alleges its answers to Paragraphs 1 through 46 inclusive, and incorporates the same by reference as though fully set forth herein.

48 – 52. Count I, Paragraphs 48 to 52 are not directed at the City and thus no response is required. To the extent, if at all, that Paragraphs 48 to 52 purport to assert allegations against the City, the same are denied.

**COUNT II** <u>**42 U.S.C. § 1983 Claim Against The City Of Lowell**</u>

53. The City, answering this Paragraph of Plaintiff's Complaint, repeats and re-alleges its answers to Paragraphs 1 through 52 inclusive, and incorporates the same by reference as though fully set forth herein.

54. Denied.

55. The City states that this Paragraph purports to refer to a writing, which speaks for itself, and therefore no response by the City is required.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

**COUNT III**  **Tort of Malicious Prosecution Against Defendant Lafferty**

64.     The City, answering this Paragraph of Plaintiff's Complaint, repeats and re-alleges its answers to Paragraphs 1 through 63 inclusive, and incorporates the same by reference as though fully set forth herein.

65 – 66. Count III, Paragraphs 65 to 66, are not directed at the City and thus no response by the City is required. To the extent, if at all, that Paragraphs 65 to 66 purport to assert allegations against the City, the same are denied.

WHEREFORE the Defendant, City of Lowell, requests that this Honorable Court dismiss the Plaintiff's Complaint and award the Defendant, City of Lowell, attorney's fees and other costs incurred in defending this action, and all other such relief as this Court should deem meet and just.

## DEMAND FOR TRIAL BY JURY

**Defendant City of Lowell demands a trial by jury.**

## FIRST AFFIRMATIVE DEFENSE

And further answering, the City says that the Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. §1983, because he fails to allege a municipal custom, policy or practice or that any custom, policy or practice of said Defendant caused injury to the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

And further answering, the City says that the Plaintiff's Complaint should be dismissed, in whole or in part, because at all times material hereto, the City exercised a discretionary function.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the City says that it has not violated a well-established constitutional right of the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the City says that the Plaintiff is not entitled to prospective equitable relief because he fails to support allegations of the likelihood of future injury, or to allege irreparable harm, or the unavailability of an adequate remedy at law.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the City says that the Plaintiff has failed to state causes of action which rise to the level of a constitutional violation by the City.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, the City says that it is immune from respondeat superior liability under 42 U.S.C. §1983.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, the City says that if judgment enters for the Co-Defendant Lafferty on the Plaintiff's claims against him, then a judgment must enter for the City as to the Plaintiff's claims against the City.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, the City says that no City employee committed any act or acts constituting deliberate indifference to Plaintiff's constitutional rights and the Complaint therefore should be dismissed as to City of Lowell.

**NINTH AFFIRMATIVE DEFENSE**

And further answering, the City says that the Plaintiff is not entitled to prejudgment interest as a matter of right against said Defendant under 42 U.S.C. §1983.

**TENTH AFFIRMATIVE DEFENSE**

And further answering, the City says that any alleged injuries or damages allegedly sustained by the Plaintiff were caused by his own intentional, criminal actions, and/or other wrongful conduct, and, accordingly, the City is not legally liable to the Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

And further answering, the City says that, as a matter of law, the City cannot be liable to the Plaintiff for punitive damages.

**TWELFTH AFFIRMATIVE DEFENSE**

And further answering, the City says that at all times material hereto, it acted reasonably and properly under the circumstances.

**THIRTEENTH AFFIRMATIVE DEFENSE**

And further answering, the City says that Plaintiff's Complaint should be dismissed, in whole or in part, under the doctrine of qualified immunity.

**FOURTEENTH AFFIRMATIVE DEFENSE**

And further answering, the City says that Plaintiff's Complaint should be dismissed, in whole or in part, because the City neither tolerated nor had a custom or policy in violation of the Plaintiff's civil rights or constitutional rights.

**FIFTEENTH AFFIRMATIVE DEFENSE**

And further answering, the City says that Plaintiff's Complaint should be dismissed, in whole or in part, because at all times material hereto, the City reasonably supervised and trained

its police officers, and the City reasonably investigated and followed up on allegations of police misconduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the City says that Plaintiff's Complaint should be dismissed, in whole or in part, because the Plaintiff failed to join a necessary and/or indispensable party under Fed. R. Civ. P. 19.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the City says that Plaintiff's Complaint should be dismissed, in whole or in part, under the principle of estoppel.

April 9, 2014                                    CITY OF LOWELL, DEFENDANT


/s      Kenneth J. Rossetti
Christine P. O'Connor, City Solicitor
BBO # 567645
Kenneth J. Rossetti, 1st Assistant City Solicitor
BBO #637135
Gina M. Atwood, Assistant City Solicitor
BBO #660861
City of Lowell Law Department
375 Merrimack Street, 3rd Floor
Lowell MA 01852-5909
Tel: 978-674-4050
Fax: 978-453-1510
co'connor@lowellma.gov
krossetti@lowellma.gov
gatwood@lowellma.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on April 9, 2014.

/s      Kenneth J. Rossetti
Kenneth J. Rossetti
1st Assistant City Solicitor