UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

JONATHAN SANTIAGO,                          )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )        Civil Action No. 13-CV-12172-IT
                                            )
THOMAS LAFFERTY AND                         )
THE CITY OF LOWELL,                         )
                                            )
            Defendants.                     )
_____)

**SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

The Middlesex and Essex District Attorney's Offices provide the following information in support of their position that they did not waive their privilege interests in emails held by Captain Kennedy, or any other Lowell Police officer, who was part of their investigation and prosecution team.

Before getting to the legal question of waiver, there are several facts that we ask the Court to consider in this matter that militate against a finding of waiver.

*First*, the objection letters at issue contain no expression of a waiver of any privilege. Specifically, there is no language that the Plaintiff could obtain the DA's privileged documents if only he asked the City. And, the end of each letter specifically states that nothing in the letter should be construed as a waiver of any privilege.

*Second*, the asserted objections were not exclusive of one another. We took great care to ensure that the objections were asserted simultaneously; each sentence containing an objection bears this out: *e.g.* "The DA's office also objects" or "The DA's Office further objects." Rule 45(d)(2)(B) does not require any more precise language to preserve an objection—it only states that the subpoenaed party can provide a "written objection." *Cf. In re Dep't of Justice Subpoenas*

*to ABC*, 263 F.R.D. 66, 69-70 (D. Mass. 2009) (recognizing that Rule 45 is unclear when privilege objection must be made; stating better rule is that an objection be made within fourteen days; but denying waiver argument when subpoenaed party did not assert privilege until much later).

Specifically, we did not intend or expect that our objections stating that documents might be obtained through discovery requests to the City would detract from our objections based on privilege. After all, the interests that an entity seeks to protect by asserting privileges are very different than those that it seeks to protect by avoiding administrative burdens that could be borne by others. We did not anticipate that our letters could be read as suggesting that we would sacrifice the former interests if the latter interests were satisfied.

Rather, the objection referring to potential discovery from the City offered a basis for us to be relieved of any obligation to produce documents not covered by the privileges we asserted, as well as an additional reason why we should not be required to produce privileged documents. The objection simply recognized the reality that the discovery process afforded the Plaintiff the ability to request discovery from alternate sources, such as those who are parties to the case, at which point objections and privileges would be asserted and litigated by them. It was neither intended nor phrased as an assent by us to the Plaintiff's actually obtaining documents from particular sources as to which we held privileges. For example, Request 2 is broad enough to encompass some documents that are not privileged. But, documents such as Lowell's policies, procedures, and records are likely more easily available from another source, most likely Lowell. The DA's office recognized this fact and made it one of their objections ("Accordingly, the DA's Office objects to this Request on the grounds that it seeks documents that can be obtained from some other sources that is more convenient, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)"). And, the idea that discovery may be sought from another source presumes, as it must under the rules, that the scope of permissible discovery only reaches nonprivileged materials. *See* Fed. R. Civ. P. 26(b)(1) (scope of discovery is presumed to only included

nonprivileged matters). But, to the extent that the overbroad request also sought privileged documents, we objected on that ground as well.

*Third*, objections based on one part of Rule 26 cannot waive an objection based on another part of Rule 26. Specifically, an objection that documents might be available from "some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2)(C), is not a waiver of an objection based on the rule- and common-law-based privilege of work product. Fed. R. Civ. P. 26(b)(3)(A); *Hickman v. Taylor*, 329 U.S. 495, 509-14 (1947). We have been unable to find any case in which a court held that a non-party who asserted a privilege based on one provision of Rule 26 waived a simultaneously asserted objection based on a different part of Rule 26 or a common-law privilege.

*Fourth*, we would not have expected the letter's reference to obtaining discovery from the City to be construed as a waiver for another reason:  we could not be expected to know what documents were actually in the City's possession, custody, or control, what document requests the Plaintiffs had sent to the City, or what objections the City had made. For example, we did not know what emails Captain Kennedy may have deleted or what paper copies may have been previously discarded. Further, we did not know if the Plaintiff was requesting the DA's Office's privileged documents from the City or if the City properly asserted that those documents were privileged. Indeed, when the subpoenas were served a motion to bifurcate and stay discovery against the City was still pending. As the First Circuit has recognized, non-parties are different and "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (affirming denial of motion to compel subpoena to non-party journalists).

*Finally*, when we made our objections, numerous facts put the City on notice that documents from the DA's Office were possibly privileged and we had no reason to expect that privileged documents would be disclosed. In addition to receiving all of the objection letters, the City knew that Captain Kennedy was part of the prosecution team. In Massachusetts the long-

standing rule is that, although the police and district attorney's offices are separate entities, police officers and prosecutors are considered part of the same team for many purposes, including privilege in the civil context. *See, e.g.*, *Cont'l Assurance Co. v. Diorio-Volungis*, 51 Mass. App. Ct. 403, 412 n.15 (2001) ("Police are generally considered members of the prosecution team") (citing *Commonwealth v. Tucceri*, 412 Mass. 401, 407 (1992)) (upholding ruling on district attorney's office's motion to quash testimony of police officer); *see also United States v. Nobles*, 422 U.S. 225, 238-39 (1975) ("the [work product] doctrine protect[s] materials prepared by agents for the attorney as well as those prepared by the attorney himself").[1] Also, each e-mail from ADA Dawley included a warning that the email may be confidential. Further, the rules of civil procedure provide that a party may withhold information that is privileged, even if it is not the actual holder of the privilege. *See* Fed. R. Civ. P. 26(b)(5)(a) (party may withhold documents asserting that "information is privileged or subject to protection as trial-preparation material").

Given these facts, the relevant case law does not support a finding of waiver.

### *The First Circuit Has Cautioned Against Finding Implied Waivers of Privilege*

As discussed above, our objection letters did not contain an express waiver of any privilege. Any waiver, therefore, would need to have been implied. As the First Circuit has admonished, "courts should be cautious about finding implied waivers . . . [where their] evaluation demands a fastidious sifting of the facts and a careful weighing of the circumstances." *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 23 (2003) (citations omitted). Prospective implied waivers—*i.e.* promises to waive privileges in the

---

[1]    The inter-play of privileges and obligations extending between a prosecutor and a police officer also applies in other contexts. For example, *Brady* obligations require the prosecution to turn over documents in the possession of their investigators because they are part of the same team even if they work for different agencies. *See, e.g.*, *Kyles v. Whitley*, 514 U.S. 419, 437-38 (holding that impeachment evidence known only to the police was subject to *Brady* disclosure).

future—are even more difficult to find.[2] In *In re Keeper of Records*, the government sent a subpoena to review a tape recording; the corporation agreed to a review but repeatedly reserved all of its privileges. The First Circuit held the agreement to review the tape recording was not an implied waiver of any other privileges. *Id.* at 26-28.

### *Intentional Prospective Waivers of Privilege Are Difficult to Find*

Further, even if this Court were to construe our objection letters as intending to waive the privilege for some documents, that alone is not enough for waiver. A waiver is only triggered upon disclosure. Because this scenario is infrequent, cases are difficult to locate. But, in *Tennenbaum v. Deloitte & Touche*, after reviewing multiple sources, the Ninth Circuit recognized that a "mere promise to waive [a] privilege, evidenced only by a promise . . . does not waive the privilege." 77 F.3d 337, 341 (1996). Instead, the triggering event is a disclosure; "[a] contrary rule . . . , where a promise to waive is itself a waiver because it evidences the intent to waive, would extend the doctrine of waiver beyond what is needed to further its purpose." *Id.* That case involved an individual who, during the course of settlement discussions, signed a settlement agreement promising to waive his privilege. *Id.* at 339. In a subsequent action, it was argued that the individual's attorney must be required to testify about privileged information because of the purported waiver. *Id*. The court soundly rejected that argument, stating "a mere agreement to waive the privilege does not, without disclosure, constitute a waiver of the holder's right to claim it subsequently." *Id.* at 342.  This rule is borne out in the modern rules regarding waivers. For example, both Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) make the production of documents the triggering event for any waiver. Fed. R. Evid. 502(a) ("When the disclosure *is made*") (emphasis added); Fed. R. Civ. P. 26(b)(5)(B) ("If information *produced in discovery*") (emphasis added). Thus, here no waiver could become effective before any privileged documents were produced. And when they were produced, the

---

[2]       As the First Circuit has recognized, prospective waivers are generally only allowed in discrete and limited circumstances—in the case of attorney-client privilege a prospective waiver is almost invariably only found where an advice of counsel defense is asserted. *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 25-26 (2003).

DA's Offices, as the holder of the privileges, moved promptly to re-assert their privileges when informed of the disclosure and stated that they never intentionally or impliedly waived their privileges to those documents.

### *The Marital Privilege Analogy Follows the Same Reasoning*

The same rationale has been applied to the marital privilege analogy that the Court referenced during the hearing. In *Bolin v. State*, 793 So. 2d 894 (2001), the Florida Supreme Court concluded that a defendant had not waived his spousal privilege even though he left a letter before attempting suicide stating "if there's Ever anything Else that you really want to know about then you'll haft to ask [my former wife], Because she knew just about Every thing that I was Ever a part of." *Id.* at 896-97. The court determined that even this language did not waive the privilege the defendant otherwise steadfastly maintained. *Id.* at 897. Furthermore, even assuming waiver, the Court concluded that the waiver was revoked by the defendant's later objections to the use of his former-spouse's testimony. *Id.* at 898. A prospective waiver cannot be enforced unless it is voluntarily and clearly made and it can be revoked up until the time the enforcement of the waiver is attempted.

The same would be true if the government subpoenaed a person seeking information that is both non-privileged and privileged and the individual responded by asserting his attorney-client privilege and stating that some of the information sought was more easily obtained from his attorney. That dual-purpose statement would not be a prospective waiver of his attorney-client privilege. In other words, the government would not be entitled to demand production of all of the information held by the attorney and it would be error by the attorney to produce privileged materials.

We have been unable to find any case in which a prospective express or implied waiver was found when the subpoenaed party otherwise asserted numerous privileges. Likewise, we have been unable to find a case in which a waiver was found when a subpoenaed party put the subpoenaing party on notice of its intent to assert the privilege through a timely served Rule 45 objection letter. *Cf. Bennie v. Munn*, No. 4:11CV3089, 2013 WL 4761383, at *2 (D. Neb. Sept.

4, 2013) (stating same for Eighth Circuit and refusing to compel production of documents made in overbroad request when privilege was asserted in Rule 45 letter).

## **CONCLUSION**

The DA's Offices did not waive (either intentionally or inadvertently) their privileges to these documents by asserting an objection, among others, that documents might be obtained from some other source that was more convenient, less burdensome, or less expensive. Fed. R. Civ. R. 26(b)(2)(C). Because there was no waiver, the DA's Offices request that this Court grant their motion for a protective order requiring the return or destruction of the documents at issue here, preventing the Plaintiff from using any of the information he learned from the documents unless he can prove an independent, non-privileged source of that information, requiring a full review of the production to date regarding the DA's Offices to ensure that no other privileged documents were produced, and preventing any further disclosure of similarly privileged documents.

Respectfully submitted,

MARTHA COAKLEY
ATTORNEY GENERAL

/s/ *Ryan E. Ferch*
Ryan E. Ferch (BBO No. 670151)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2842
ryan.ferch@state.ma.us

Dated:  October 3, 2014

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 3, 2014.

/s/ *Ryan E. Ferch*
Ryan E. Ferch (BBO No. 670151)
Assistant Attorney General